UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JENELL G. HOBSON,

                Plaintiff,

          - against -

UNITED STATES,

                Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
15-MC-2574 (PKC)

PAMELA K. CHEN, United States District Judge:

On December 28, 2015, Plaintiff filed a *pro se* petition to expunge the record of her conviction in *United States v. Jenell Hobson*, 00-CR-777, which was most recently before the Honorable Reena Raggi in this District. In that case, Plaintiff pled guilty to importation of cocaine and was sentenced to 24 months' imprisonment and three years' supervised release. Dkt. 26, *United States v. Jenell Hobson*, 00-CR-777 (E.D.N.Y. Feb. 14, 2001.) Using a form affidavit, Plaintiff only identifies "employment and medical school," without any further explanation or discussion, as the bases for her expungement request. (Dkt. 1 at ECF 2.)[1] The Government filed its opposition to Plaintiff's motion on April 18, 2016. (Dkt. 4.) After Plaintiff failed to respond to the Government's opposition, the Court *sua sponte* granted her an additional three weeks. (5/25/16 Scheduling Order.) Nevertheless, Plaintiff failed to respond.

Following the Government's submission in this case, the Second Circuit addressed the fundamental question of "whether a district court has ancillary jurisdiction to expunge all records of a valid conviction." *Doe v. United States*, No. 15-1967, 2016 WL 4245426, at *1 (2d Cir. Aug.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the documents internal pagination.

11, 2016). In *Doe*, the district court granted a motion to expunge the former defendant's health care fraud conviction because it "prevented her from getting or keeping a job as a home health aide." *Id.* at *1. The Second Circuit reversed, "holding that the District Court had no authority to expunge the records of a valid conviction." *Id.* at *5.[2] The Court further noted that Congress alone has the "ability to provide for jurisdiction in similar cases in the future." *Id.* Thus, as decided by the Second Circuit in *Doe*, the Court here has neither jurisdiction nor authority to grant Plaintiff's motion to expunge, and her motion must be denied.[3] The Clerk of Court is directed to terminate this action accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 18, 2016
      Brooklyn, New York

---

[2] Even before the Second Circuit's holding in *Doe*, courts within this Circuit were reluctant to grant motions to expunge. *See, e.g.*, *United States v. Pichardo*, 00-CR-875, 2016 WL 4081136, at *3 (S.D.N.Y. Aug. 1, 2016) ("Without attempting to catalogue every situation that might involve unlawful circumstances . . . it is difficult for this Court to imagine circumstances warranting the exercise of this limited expungement power when no constitutional issue is implicated or when the legality or factual validity of the conviction has not been called into question."); *Stephenson v. United States*, 139 F. Supp. 3d 566, 568 (E.D.N.Y. 2015) (denying motion to expunge and noting such motions require "extraordinary circumstances").

[3] Because the Court finds it lacks jurisdiction to expunge Plaintiff's conviction, it declines to consider the merits of Plaintiff's motion.